Case 15-00813   Doc 44   Filed 05/21/16   Entered 05/23/16 10:56:49   Desc Main
Document   Page 1 of 6

15-00813:41.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 5/12/2016 6:19:37 PM by:Ariel Weissberg Page 1 of 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Chapter 7 |
| ) | Case No. 15 B 17390 |
| George Anthony Garth, ) | |
| ) | Hon. Jack B. Schmetterer |
| ) | Room 682 |
| Debtor. ) | |
| ) | |
| LCS Construction, Inc., ) | |
| ) | Case No. 15 AP 00813 |
| Plaintiff, ) | |
| ) | |
| v. ) | Hearing Date: February 12, 2016 |
| ) | Hearing Time: 10:00 a.m. |
| George Anthony Garth ) | |
| ) | |
| Defendant. ) | |

## AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR ENTRY OF DEFAULT JUDGMENT

This matter coming to the Court on *Plaintiff's Motion for Default Judgment*, no answer having been filed to the Complaint, the allegations contained therein being admitted as confessed and supported by a verified affidavit, the court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The following findings of fact are based on (i) the confessed allegations in the Complaint, and (ii) the affidavit of Karl Roth, attached hereto as Exhibit 1, which corroborates the allegations in the Complaint.

2. Before the filing of this bankruptcy case, LCS initiated supplementary proceedings against Garth by issuing a Citation to Discover Assets based on judgment in favor of

Page 1 of 7

Case 15-00813 Doc 44 Filed 05/21/16 Entered 05/23/16 10:56:49 Desc Main Document Page 2 of 6

15-00813:41.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 5/12/2016 6:19:37 PM by:Ariel Weissberg Page 2 of 7

LCS and against Garth in *LCS Construction Co. v. Garth, et al*, as case no. 2008-L-4810 in the Circuit Court of Cook County, Illinois. Roth Aff. ¶ 2; Compl. Ex. 1.

3. Garth failed to report in the citation proceedings checks issued for himself and for George Anthony Garth Masonry, Inc. ("GAG") despite receiving checks from First American Title Company for work performed on the Pullman Wheelworks Construction Project ("Pullman Project.") Roth Aff. ¶ 3; Compl. ¶ 6.

4. After a third party citation was issued to First American Title Company freezing $64,045.70 in undisbursed funds, Garth filed a chapter 13 bankruptcy case, Case No. 13-13860. Roth Aff. ¶ 4; Compl. ¶ 7.

5. In his Statement of Assets in the 2013 bankruptcy case, Garth reported the following:

   a. Residence located at 15308 Lincoln, Harvey, IL, held in fee simple, and valued at $61.439.00;
   b. 2003 BMW 745 Ll valued at $5,181.00;
   c. 2008 Ford F-150 valued at $11,528.00;
   d. 2008 39 foot Searay, valued at $32,000.00;
   e. Scaffold – Hydraulic Bennu (scaffolding equipment) valued at $40,000.00.
   Roth Aff. ¶ 5; Compl. Ex. 3.

6. While Garth's Chapter 13 Petition was pending, the Citation proceeding before the Circuit Court was stayed as to Garth individually but continued against GAG. The Circuit Court continued the proceedings related to LCS' Motion for Turnover of the funds held by First American Title Company. Roth Aff. ¶ 6; Compl. ¶ 13.

7. On June 7, 2013, AG Construction Services, Inc. ("AG") filed a Motion to Deny Turnover. In its Motion, AG claimed that (i) it was owned by Garth's son (a 22 year old with no prior business experience); (ii) Garth had assigned the Pullman Project masonry subcontract to

Case 15-00813    Doc 44    Filed 05/21/16    Entered 05/23/16 10:56:49    Desc Main
            Document      Page 3 of 6

15-00813:41.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 5/12/2016 6:19:37 PM by:Ariel Weissberg Page 3 of 7

AG at some unspecified time; and (iii) AG had performed all work on the Pullman Project. Roth Aff. ¶ 7; Compl. ¶ 14.

8. After extensive briefing and a two day evidentiary hearing, the Circuit Court issued a twenty-nine page written opinion on December 16, 2014. In the Order and Opinion, the Circuit Court (i) found that AG was owned by Garth; (ii) held there was no assignment of the Pullman Project masonry subcontract to AG; and, (iii) held there was no evidence (other than the unreliable testimony of Garth and his son) which would establish that AG performed any work on the Pullman Project. Accordingly, the Circuit Court denied AG's Motion to Deny Turnover. Roth Aff. ¶ 8; Compl. Ex. 7.

9. On March 5, 2015, AG filed a Motion to Vacate the Turnover Order and a separate Motion for an Extension of Time to File a Motion to Reconsider the Circuit Court's Order and Opinion of the December 16, 2014 Order. The Circuit Court entered a briefing schedule and scheduled the Motions for oral argument on May 7, 2015. The hearing date of May 7, 2015 was subsequently moved to May 18, 2015 by the Court. Roth Aff. ¶ 9.

10. On May 16, 2015, two days prior to the hearing on AG's Motion to Vacate, Garth filed his voluntary petition to initiate the instant Chapter 7 Bankruptcy Case. Notably, despite the fact that Garth had testified under oath in the State Court Action that the funds held by First American Title Company are the property of AG, and despite the Circuit Court's ruling that these funds are property of GAG, Garth listed the funds held by First American Title Company as owned individually by himself in his Schedules. Roth Aff. ¶ 10; Compl. Ex. 10.

11. At the same time, Garth did not list the above-mentioned assets in Par. 5 (with the exception of the 2003 BMW), which were disclosed in his 2013 petition. Roth Aff. ¶ 11; Compl. ¶ 22.

Case 15-00813    Doc 44    Filed 05/21/16    Entered 05/23/16 10:56:49    Desc Main
Document    Page 4 of 6

15-00813:41.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 5/12/2016 6:19:37 PM by:Ariel Weissberg Page 4 of 7

12. At the initial meeting of creditors, Garth testified under oath that all of the information contained in the Chapter 7 Petition and Statement of Financial Affairs was true and correct. Roth Aff. ¶ 12; Compl. 24.

13. With regard to the Residence, Garth claimed that he transferred it to his wife prior to the filing of his Petition. Roth Aff. ¶ 13; Compl. ¶ 25.

14. According to publically available records, a quitclaim deed transferring the Residence from Garth to his wife was recorded on March 13, 2013. Roth Aff. ¶ 14; Compl. Ex. 11.

15. Omissions from the bankruptcy schedules which at least reflect a "reckless disregard for the truth" include:

    (a) Failure to list the 2008 Searay Boat in Schedule B or if the boat was sold, then failure to list the transfer in Statement of Financial Affairs, Line 10.

    (b) Failure to list the scaffolding in Schedule B, or report any sale in Line 10 or any loss in Line 8 of the Statement of Financial Affairs.

16. However, Garth received no consideration for the transfer and only effected the transfer in order to avoid LCS' efforts to collect its judgment. Roth Aff. ¶ 15; Compl. ¶ 27.

17. For the boat and scaffolding listed in paragraph 5: (1) Garth has stated that the boat was sold and recently provided a bill of sale purporting to evidence that sale, however, Garth has not accounted for the $12,000.00 he allegedly received for the sale, nor can he provide contact information for the alleged purchaser; and (2) Garth has stated the scaffolding worth $40,000.00 was stolen, yet he cannot provide evidence of a police report or insurance claim. Roth Aff. ¶ 16.

18. In the instant bankruptcy, Garth has failed to disclose assets controlled by him in

Case 15-00813   Doc 44   Filed 05/21/16   Entered 05/23/16 10:56:49   Desc Main
Document   Page 5 of 6

15-00813:41.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 5/12/2016 6:19:37 PM by:Ariel Weissberg Page 5 of 7

the schedules, specifically his residence, boat and scaffolding listed in Par. 5. Roth Aff. ¶ 17.

## CONCLUSIONS OF LAW

11 U.S.C. § 727(a) provides:

The court shall grant the debtor a discharge, unless -

> (4) the debtor knowingly and fraudulently, in or in connection with the case—
> (A) made a false oath or account;
> (B) presented or used a false claim;
> (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
> (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;
>
> (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

11 U.S.C. § 727(a).

Garth's failure to schedule the assets in this petition, specifically those listed in Par. 5 above, constitutes a false oath under Section 727(a)(4). Section 727(a)(4) requires the creditor to prove that: "(1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case." *Stamat v. Neary*, 635 F.3d 974, 978 (7th Cir. 2011). "A showing of reckless disregard for the truth is sufficient to prove fraudulent intent." *Id.* "Section 727(a)(5) requires a satisfactory explanation for the whereabouts of a debtor's assets." *In re D'Agnese*, 86 F.3d 732, 734 (7th Cir. 1996). "[V]ague and uncorroborated" statements are "not adequate to explain the depletion in assets." *Id.*

Omissions from the bankruptcy schedules which at least reflect a "reckless disregard for the truth" include:

Page 5 of 7

Case 15-00813   Doc 44   Filed 05/21/16   Entered 05/23/16 10:56:49   Desc Main
Document      Page 6 of 6

15-00813:41.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 5/12/2016 6:19:37 PM by:Ariel Weissberg Page 6 of 7

1) Failure to list the 2008 Searay Boat in Schedule B or if the boat was sold, then failure to list the transfer in Statement of Financial Affairs, Line 10.

2) Failure to list the scaffolding in Schedule B, or report any sale in Line 10 or any loss in Line 8 of the Statement of Financial Affairs.

These omissions reflect a reckless disregard for the truth and satisfy all five requirements for denial of discharge under 11 U.S.C. § 727(a)(4).

Further, the court concludes that Debtor's failure to explain the loss of assets listed in his 2013 schedules constitutes cause for denial of discharge under 11 U.S.C. § 727(a)(5) because the Debtor has neither accounted for the loss of those assets or given an account of any proceeds from the sale or other disposition of those assets. See *D'Agnese*, 86 F.3d 732, 734 (7th Cir. 1996) (failure to properly account for silverware and china of substantial monetary value was grounds for discharge). Statements offered at the Section 341 meeting were vague and uncorroborated and did not explain the depletion of the 2008 Searay Boat or the hydraulic scaffolding equipment.

The Court concludes that under 11 U.S.C. § 727(a)(4) and 11 U.S.C. § 727(a)(5), Garth is not entitled to a discharge. The court will enter a separate Judgment Order to that effect.

Date: 5/21/16

MAY 21 2016

Prepared By:

Devvrat Sinha (No. 6314007)

ENTER:

Hon. Jack B. Schmetterer
United States Bankruptcy Judge